William J. Crangle, J.
Petitioner seeks an order directing his wife, the respondent, to sign an aEdavit stating that she does not have a certain life insurance policy in her possession and that she claims no interest in the policy or, in the alternative, if she has such policy in her possession, directing her to deliver it to her husband.
The parties are living separate and apart and a separation action between them is pending in this court. The respondent is the named beneficiary in the policy insuring the life of the petitioner. The petitioner wishes to change the beneficiary clause. The insurance company will not issue a substitute policy to petitioner so that this may be accomplished without proper proof of loss of the policy and receipt of the respondent’s statement that she claims no interest in the contract. Upon the oral *809 argument in this special proceeding and in the answering affidavit respondent’s attorney stated that his client did or might claim a property interest in the policy.
A named beneficiary can, of course, acquire a property interest in a life insurance policy. Since a separation action is pending wherein the relative rights between this husband and wife, including their property rights, can be considered as a whole it would seem that respondent’s property right in the policy, if any, could best be determined in the course of that action. (Domestic Relations Law, § 234.)
However, the court is unable upon the papers presently before it to make any conclusive determination as to this proceeding.
The petitioner denominates this as a special proceeding. 1 ‘ All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized.” (CPLR 103, subd. [b].) I find no statute authorizing a special proceeding for the relief sought here and therefore conclude that a civil action should have been brought instead of the special proceeding.
“ If a court has obtained jurisdiction over the parties, a civil proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution.” (CPLR 103, subd. [c].) The papers now before the court and the nature of respondent’s appearance do not sufficiently show that the court has obtained jurisdiction.
If petitioner files proof of timely service of the order to show cause and supporting papers upon the respondent within 20 days of the filing of an order entered upon this decision, the proceeding will be treated in all respects as an action which will be consolidated with the separation action now pending for trial. Respondent will have 20 days from the date of service of notice of filing such proof of service to answer or make appropriate motions in the action.
In the event no proof of service is filed the special proceeding is dismissed, without cost.